UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDULLAH RABBAT,

      Plaintiff,

CASE NO.:  6:17-cv-00278 –Orl-28KRS

vs.

COVINGTON SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS (with amended Certificate of Service)

Defendant, COVINGTON SPECIALTY INSURANCE COMPANY ("Covington"), moves to dismiss the Complaint [Doc. 2] pursuant to Federal Rule of Civil Procedure 12(b)(6) by stating the following:

### Summary

This case is a first party property insurance dispute.  The Plaintiff, Covington's insured, filed suit alleging that Covington failed to pay insurance proceeds for "severe damage [to the property] as a direct result of law enforcement activity."  Such damage is excluded as Governmental Action, so Plaintiff failed to state a claim upon which relief can be granted.

### Facts

1. Covington insured Plaintiff's property located at 5151 South Orange Blossom Trail, Orlando, Florida 32839 pursuant to policy number VBA231663.  *See Complaint* [Doc. 2], ¶2, 6.

2. On or about February 15, 2014, Plaintiff alleges its property "suffered severe damage as a direct result of law enforcement activity, which caused significant

structural and cosmetic damage throughout the Property (the "Loss")." *See Complaint* [Doc. 2], ¶8.

3. Plaintiff then submitted a claim to Covington for the property damage. *See Complaint* [Doc. 2], ¶9.

4. Plaintiff attached a copy of the subject insurance contract as Exhibit A to the Complaint.

5. The insurance contract covers all risks of direct physical loss unless the loss is excluded or limited by the subject terms and conditions:

### CAUSES OF LOSS – SPECIAL FORM

**A.** **Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.**, Exclusions; or

**2.** Limited in Section **C.**, Limitations;

that follow.

\* \* \*

CP 10 30 06 07, Page 1 of 10.

6. The insurance contract contains an exclusion for Governmental Action. The exclusion is preceded by anti-concurrent, anti-sequential policy language, so any damage caused directly or indirectly by the order of governmental authority is excluded.

**B.** **Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\* \* \*

>    **c.      Governmental Action**
>
>    Seizure or destruction of property by order of governmental authority.

* * *

CP 10 30 06 07, Page 1 of 10.

7.      Covington asserts that damage caused by "law enforcement authority" was caused by an order of governmental authority. Such is excluded by the unambiguous terms of the insurance contract.

**Memorandum of Law**

**A.      Motion to Dismiss Standard**

In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's rights to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570.

B. **Interpretation of Insurance Contracts**

Florida courts construe insurance contracts in accordance with "the plain language of the polic[y] as bargained for by the parties." *See Auto–Owners Ins. Co. v. Anderson*, 756 So.2d 29, 33 (Fla. 2000) (quoting *Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So.2d 467, 470 (Fla.1993)) (alteration in original).  As one Florida court stated, "[i]nsurance contracts must be read in light of the skill and experience of ordinary people, and be given their everyday meaning as understood by the man on the street." *Keen v. Fla. Sheriffs' Self–Insurance Fund*, 962 So.2d 1021, 1023 (Fla. 4th DCA 2007) (quoting *Mason v. Fla. Sheriffs' Self–Insurance Fund*, 699 So.2d 268, 270 (Fla. 5th DCA 1997)).

C. **Applicability of Governmental Action Exclusion to Damage Caused by "Law Enforcement Activity"**

Plaintiff alleges the subject damage resulted "as a direct result of law enforcement activity."  The subject insurance contract unambiguously excludes any damage directly or indirectly related to the "seizure or destruction of property by order of governmental authority."  The exclusion applies "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."  Anti-concurrent, anti-sequential language is recognized and enforced by Florida courts.  *Paulucci v. Liberty Mut. Fire Ins. Co.*, 190 F.Supp.2d 1312, 1319-1320 (M.D. Fla. 2002).

In *American Corporate Society v. Valley Forge Insurance Company*, the U.S District Court for the District of New Jersey dismissed the insured's complaint for breach of contract that alleged property damage by "police raid" after applying the same

4

Governmental Action exclusionary language.  2010 WL 2950367, *3 (D. N.J. 7/22/10). The Court found the following:

> 1.   *Count Two – Breach of Contract*
>
> Accepting Plaintiffs' allegations as to the police raid and the property damage inflicted therefrom as true, Count Two fails to state a claim for breach of contract.  Defendants submitted a copy of the insurance policy with their motion to dismiss, and the Court may consider the policy when weighing the merits of the breach claim.  After review of the policy, the language of the "Governmental Action" exclusion is clear and applicable to the instant facts.  The exclusion states: "We will not pay for loss or damage caused directly or indirectly by any of the following…. Seizure or destruction of property by order of governmental authority.  [Citation omitted.]  Here, Plaintiff alleges in his Complaint that a "police raid" either directly caused damage to ACS's office or indirectly caused damage, since the office was "physically left unsecured" after the raid.  [Citation omitted.]  Whether this damage was directly or indirectly caused by the police, it is excluded under the plain language of the policy.  As such, Plaintiff fails to assert a facially plausible claim for breach of contract.

Covington respectfully requests that this Court apply the same reasoning.

**D.   <u>No Insurance Coverage by Waiver or Estoppel</u>**

Plaintiff's Complaint avers claim payments by Covington.  Such payments are inconsequential as the doctrines of waiver and estoppel are "not applicable to matters of Coverage."  In other words, the doctrine of waiver or estoppel cannot be used to create or extend insurance coverage where none exists in the first instance.  *Six L's Packing Co. v. Fla. Farm Bureau Mut. Ins. Co.*, 268 So.2d 560, 563 (Fla. 4th DCA 1972), *adopted,* 276 So.2d 37 (Fla.1973) (court articulated well established general rule that "the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of Coverage"); *see also Lloyds Underwriters at London v. Keystone Equip. Fin. Corp.*, 25 So.3d 89 (Fla. 4th DCA 2009); *Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So. 2d 239 (Fla. 2d DCA 2008); *AIU Ins. Co. v. Block*

*Marina Inv., Inc.,* 544 So.2d 998, 1000 (Fla.1989); *Crown Life Ins. Co. v. McBride*, 517 So.2d 660, 661 (Fla. 1987); *Am. Motorists Ins. Co. v. Farrey's Wholesale Hardware Co., Inc.,* 507 So. 2d 642, 645-646 (Fla. 3d DCA 1987); *Starlite Servs., Inc. v. Prudential Ins. Co. of Am.*, 418 So. 2d 305, 306-07 (Fla. 5th DCA. 1982); *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So. 2d 448, 455 (Fla. 1st DCA 1976). As the Court explained in *Keystone*, the rationale for this principle is that an insurer "should not be required by waiver (and estoppel) to pay a loss for which it charged no premium." *Keystone*, 25 So. 3d at 92 [citations omitted].

WHEREFORE, the Defendant, COVINGTON SPECIALTY INSURANCE COMPANY, respectfully requests for this Court to dismiss the Complaint [Doc. 2] due to Plaintiff's failure to state claim upon which relief can be granted and all other relief deemed equitable under the circumstances.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Christopher M. Ramey
WILLIAM R. LEWIS, ESQ.
Florida Bar No.: 0879827
wlewis@butler.legal
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.: 0044808
cramey@butler.legal
Secondary: eservice@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. A copy of the foregoing was mistakenly not furnished via Electronic Mail to:

>Yemil Aragon, Esq.
>Florida Professional Law Group, PLLC
>4600 Sheridan Street, Suite 303
>Hollywood, FL  33021
>yaragon@flplg.com; eservice@flplg.com
>Attorneys For:  Plaintiff, Abdullah Rabbat

This Motion [Doc. 7] is now being served by electronic notification generated by the CM/ECF system with this Amended Certificate of Service on March 7, 2017, on all counsel or parties of record on the Service List below.

      /s/ Christopher M. Ramey
     CHRISTOPHER M. RAMEY, ESQ.

## SERVICE LIST

>Asher Perlin, Esq.
>Florida Professional Law Group, LLC
>4600 Sheridan Street, Suite 303
>Hollywood, FL  33021-3409
>
>Attorneys For: Plaintiff