UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDULLAH RABBAT,

    Plaintiff,

Case Number 6:17-cv-278-Orl-28KRS

v.

COVINGTON SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

COVINGTON SPECIALTY INSURANCE COMPANY,

    Third Party Plaintiff,

v.

ORANGE COUNTY SHERIFF'S OFFICE,

    Third Party Defendant.
_____/

Motion to Dismiss filed by Orange County Sheriff Jerry Demings

Third Party Defendant Jerry Demings, in his official capacity as Sheriff of Orange County, Florida, (incorrectly identified as "Orange County Sheriff's Office") moves to dismiss the Third Party Plaintiff's complaint (styled as "Defendant's Third Party Complaint in the alternative against the Orange County Sheriff's Office" at docket 35) for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b).

Grounds for Motion

1.Jerry Demings, in his official capacity as Orange County Sheriff, moves to dismiss the "Orange County Sheriff's Office" as a Third Party Defendant because it is not a legal entity subject to suit.

2.Sheriff Demings also moves to dismiss the Plaintiff's complaint on the basis that the Plaintiff has failed to identify in which capacity it seeks to sue the Sheriff—either in his individual or official capacity.  To the extent that the Plaintiff seeks to state a claim against Defendant Demings in his individual capacity, Sheriff Demings moves to dismiss on the basis that he is entitled to qualified immunity.

Memorandum of Law

*Standard of Review*

3.In evaluating the sufficiency of an amended complaint, the court must accept "well pleaded facts as true and resolve them in the light most favorable to the plaintiff."[1] However, if the Plaintiff can prove no set of facts that would entitle him to relief, then the Defendant is entitled to a dismissal for failure to state a claim.  Although the Plaintiff is not held to a very high standard on a Rule 12(b)(6) motion, the Plaintiff is still required to "allege some specific factual bases for those conclusions or face dismissal" of the claim.[2]

*The Orange County Sheriff's Office Does Not Have Legal Capacity to be Sued*

4.Any action brought against a political subdivision of the State of Florida shall be served upon the head of the agency.[3]  Under Florida law, the "Orange County Sheriff's Office"

---

[1] Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998).
[2] Jackson v. Bellsouth, 372 F.3d 1250, 1263 (11th Cir. 2004).
[3] Fla. Stat. 768.28(7).

is not a legal entity subject to suit because the sheriff's office has no legal existence separate and apart from Jerry Demings, in his official capacity as Sheriff of Orange County, Florida, who is a duly elected constitutional officer under Article VIII, Section 1(d) of the Florida Constitution. Also, Florida statute 30.07 provides that the Sheriff is responsible for the neglect of his deputies. As such, jurisdiction over the Sheriff can only be obtained by naming Jerry Demings, in his official capacity as Sheriff of Orange County, Florida.[4] This conclusion is supported by decisions from federal courts[5] and Florida courts.[6] Therefore, the "Orange County Sheriff's Office" should be dismissed.

*The Plaintiff Failed to Identify the Capacity in Which Sheriff Demings is Being Sued*

5. Even if it is assumed that the Plaintiff meant to sue Sheriff Demings, she has failed to identify in which capacity Sheriff Demings is being sued, either in his individual capacity or official capacity as Sheriff, and this is a critical defect that supports dismissal of the complaint.[7] To the extent that the Plaintiff seeks to state a claim against Sheriff Demings in his individual capacity, this claim should also be dismissed as a matter of law because the Plaintiff's allegations reveal that Sheriff Demings had no personal involvement in the actions that form the basis of the Plaintiff's complaint, and there exists no causal connection whatsoever between any

---

[4] Beard v. Hambrick, 396 So.2d 708 (Fla. 1981).
[5] Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)(sheriff's departments and police departments are not considered legal entities subject to suit); Mann v. Hillsborough County Sheriff's Office, 946 F.Supp. 962, 970 (M.D. Fla. 1996)("Hillsborough County Sheriff's Office" was not a legal entity capable of being sued); Post v. City of Ft. Lauderdale, 750 F.Supp. 1131 (S.D. Fla. 1990), *reversed on other grounds*, 7 F.3rd 1552 (11th Cir. 1993).
[6] Florida City Police Department v. Corcoran, 661 So.2d 409 (Fla. 3rd DCA 1995).
[7] Colvin v. McDougall, 62 F.3d 1316, 1318 (11th Cir. 1995).

action on the part of Sheriff Demings and the Plaintiff's alleged claims. As stated by the eleventh circuit:

> To establish section 1983 liability, a Plaintiff must show proof of an affirmative causal connection between a government actor's acts or omissions and the alleged constitutional violation, which may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation. Merely being present with the arresting officers at the scene is not enough, unless the Plaintiff can show that the Defendant officer was part of the chain of command authorizing the arrest action.[8]

6.   Also, to the extent that the Third Party Plaintiff seeks to make a claim against Sheriff Demings in his individual capacity, the Plaintiff has failed to overcome Sheriff's Demings' entitlement to qualified immunity. Law enforcement officers who are sued in their individual capacities under 42 U.S.C. 1983 are protected by qualified immunity.[9] To receive qualified immunity, a public official must first prove that he was acting within his discretionary authority when the allegedly wrongful acts occurred. Once the Defendant establishes that he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that qualified immunity is not appropriate.[10]

7.   The Supreme Court has set forth a flexible two-step test for determining whether an official is entitled to qualified immunity. Although the Supreme Court has recently held that lower courts have flexibility to consider each step in any order, the Plaintiff must nevertheless

---

[8] Brown v. City of Huntsville, Alabama, 608 F.3d 724, 737 (11th Cir. 2010).
[9] Pearson v. Callahan, 129 S.Ct. 808, 815 (2009); Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002)); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982).
[10] Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003)(quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)).

overcome each step.[11] "The threshold inquiry a court must undertake in a qualified immunity analysis is whether the Plaintiff's allegations, if true, establish a constitutional violation. If no constitutional right would has been violated, there is no need to inquire further regarding qualified immunity."[12]

8. Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[13] The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.[14] Qualified immunity is not just a defense to this action, but an entitlement to immunity from suit as well.[15] That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities.[16] Whether the law was clearly established at the time is a question of law for the court.[17] For the law to be clearly established to the point that qualified immunity does not apply, its contours must be sufficiently clear that a reasonable official would understand that what he is

---

[11] Pearson v. Callahan, 129 S.Ct. 808 (2009).
[12] Wood v. Kesler, 323 F.3d 872, 877-878 (11th Cir. 2003)(quoting Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001)).
[13] Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(citing Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515 (2002)).
[14] Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).
[15] Mitchell v. Forsyth, 472 U.S. 511 (1985).
[16] Lassiter v. Alabama A & M University Board of Trustees, 28 F.3d 1146, 1148 (11th Cir. 1994)(en banc).
[17] Elder v. Holloway, 510 U.S. 510, 516 (1994).

doing violates that right.[18]  Finally, if on the objective facts it appears that the government actor was acting within his discretionary authority, then the burden shifts to the Plaintiff to overcome qualified immunity.[19]

9. Where a Defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.[20]  The privilege is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.  The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage of litigation."[21]

For all of the foregoing reasons, Sheriff Jerry Demings respectfully requests this Court to enter an order of dismissal.

## Certificate of Service

I certify that on this 11th day of October, 2017, I electronically filed this document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel for Plaintiff
Yemil Aragon and Asher Perlin, Florida Professional Law Group, PLLC, 4600 Sheridan Street, Suite 303, Hollywood, Florida 33021; yaragon@flplg.com; eservice@flplg.com; aperlin@flplg.com

Counsel for Covington Specialty Insurance Company

---

[18] Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003)(citing Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515 (2002)).
[19] Rich v. Dollar, 841 F.2d 1558 (11th Cir. 1988).
[20] Saucier v. Katz, 121 S.Ct. 2151, 2155 (2001).
[21] Hunter v. Bryant, 502 U.S. 224, 1112 S.Ct. 534 (1991)(per curiam).

William R. Lewis and Christopher M. Ramey, Butler, Weihmuller, Katz, Craig, LLP, 400 North Ashley Drive, Suite 2300, Tampa, Florida 33602; wlewis@butler.legal; cramey@butler.legal; eservice@butler.legal

      /s/ Ian Forsythe
      Ian D. Forsythe, Esquire
      Florida Bar Number 054925
      Hilyard, Bogan & Palmer, P.A.
      Post Office Box 4973
      Orlando, Florida 32802-4973
      Telephone (407) 425-4251
      Iforsythe@hilyardlawfirm.com
      khoagland@hilyardlawfirm.com
      Attorneys for Third Party Defendant