UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDULLAH RABBAT,

    Plaintiff,

v.

COVINGTON SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

COVINGTON SPECIALTY INSURANCE COMPANY,

    Third Party Plaintiff,

v.

JERRY DEMINGS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF ORANGE COUNTY, FLORIDA

    Third Party Defendant.
_____/

Case Number 6:17-cv-278-Orl-28KRS

## Third Party Defendant's Answer and Affirmative Defenses

Third Party Defendant, Jerry L. Demings, in his official capacity as Sheriff of Orange County, Florida, files this answer and affirmative defenses to the Plaintiff's amended third party complaint.

1.    Sheriff Demings admits that he is the duly elected Sheriff of Orange County, Florida.

2. Sheriff Demings admits that on February 15, 2014, Orange County deputy sheriffs responded to 5151 South Orange Blossom Trail in Orlando in response to reported gunshots on or near the property.

3. Sheriff Demings admits that deputies cleared and secured both the outside and the inside of the subject property.

4. Sheriff Demings denies the remaining allegations in the amended third party complaint.

## Affirmative Defenses

5. Defendant affirmatively asserts that he is entitled to sovereign immunity, and any liability to the Plaintiff is subject to the terms, provisions, restrictions, limitations, exclusions and requirements set forth in Florida statute section 768.28, including the monetary sums and limitations on liability contained therein.

6. Defendant affirmatively asserts that he is not liable for the alleged actions or inactions that serve as the basis of the Plaintiff's complaint because such actions are discretionary, planning level activities and are shielded from liability by Florida's sovereign immunity.

7. Defendant affirmatively asserts that the Plaintiff failed to provide timely presuit notice to the Florida Department of Financial Services as provided in Florida Statute 768.28(6).

8. Defendant affirmatively asserts that the Plaintiff failed to comply with the service requirements of Florida Statute 768.28(7) by failing to serve process on the Florida Department of Financial services.

9.      Defendant affirmatively asserts that the injuries and damages alleged in the complaint were proximately caused by or contributed to by the Plaintiff's own negligence, and therefore the claims of the Plaintiff should be barred or diminished accordingly.

10.     Defendant affirmatively asserts that the Plaintiff's damages were caused, in whole or in part, by the negligence and carelessness of non-parties, and that the Defendant is required to pay only its proportion of share of certain damages that might be awarded in favor of the Plaintiff pursuant to Florida Statute 768.81.

11.     Defendant affirmatively asserts that the Plaintiff failed to mitigate his damages as required by applicable law.

12.     Defendant affirmatively asserts that the Plaintiff has received payment from collateral sources as defined in Florida statute sections 768.76 and 627.736(3), and Defendant is therefore entitled to a set-off or deduction equal to the value of all benefits received by the plaintiff from any collateral source, including PIP benefits.

13.     Defendant affirmatively asserts that he is entitled to a setoff pursuant to Florida statute 768.041 or reduction for any sums which the Plaintiff has received by way of settlement, payments, benefits, awards, verdicts or other payments from any other person, firm or corporation as a result of the incident described in the complaint.

Defendant demands trial by jury.

## Certificate of Service

I certify that on this 31st day of October, 2017, I electronically filed this document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel for Plaintiff
Yemil Aragon, Esq., Asher Perlin, Esq., Florida Professional Law Group, PLLC, 4600 Sheridan Street, Suite 303, Hollywood, Florida 33021; yaragon@flplg.com; eservice@flplg.com; aperlin@flplg.com

Counsel for Covington Specialty Insurance Company
William R. Lewis, Esq., Christopher M. Ramey, Esq., Butler, Weihmuller, Katz, Craig, LLP, 400 N. Ashley Drive, Suite 2300, Tampa, Florida 33602; wlewis@butler.legal; cramey@butler.legal; eservice@butler.legal

/s/ Ian Forsythe
Ian D. Forsythe, Esquire
Florida Bar Number 054925
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, Florida 32802-4973
Telephone (407) 425-4251
Iforsythe@hilyardlawfirm.com
khoagland@hilyardlawfirm.com
Attorneys for Third Party Defendant